George M. TIDWELL, Commissioner of Revenue, State of Tennessee, Appellant-Defendant,

v.

RCA CORPORATION, for the Use and Benefit of Life and Casualty Insurance Company of Tennessee, Appellee-Plaintiff.

Supreme Court of Tennessee.

Sept. 2, 1975.

Everett H. Falk, Asst. Atty. Gen., Nashville (R. A. Ashley, Jr., Atty. Gen., of counsel), for appellant-defendant.

Robert W. Sturdivant, William E. Bishop, Trabue, Sturdivant & DeWitt, Nashville, for appellee-plaintiff.

## OPINION

BROCK, Justice.

This is a case of first impression in Tennessee involving the interpretation of the sales tax refund provision, T.C.A. § 67–3028.

On October 21, 1969, the Life and Casualty Insurance Company of Tennessee entered into a contract to purchase some computer equipment from RCA Corporation. The purchase price was $528,440.00 to be paid in sixty monthly installments of $10,216.00. RCA was to retain title to the equipment and a security interest in it until all payments were made and all the conditions of the contract fulfilled. The contract provided that Life and Casualty could cancel the agreement to purchase with respect to all or part of the equipment at any time after one year of use upon giving ninety days written notice. In the event of cancellation Life and Casualty was obligated to pay RCA the difference between standard rental charges which would have been owing had the equipment been leased up to the date of cancellation and the amount actually paid under the sales contract.

In October of 1970 RCA remitted to the Department of Revenue $15,853.20 as sales tax on the computer equipment; RCA was reimbursed for the sales tax by Life and Casualty.

Life and Casualty exercised its option to terminate the contract on June 28, 1971, and returned the equipment to RCA. Life and Casualty paid RCA the difference between the rental cost for the period of use and the sum of the monthly purchase payments.

Subsequently, on July 26, 1971, Life and Casualty sought a refund of the original sales tax paid to the Department of Revenue less the tax calculated on the rental of the computer equipment. The refund, to-taling $8,229.00, was denied by the Department of Revenue.

Whereupon, on December 2, 1971, RCA, for the use and benefit of Life and Casualty, filed a complaint in Chancery Court against the Commissioner of Revenue. The Chancellor overruled a motion to dismiss on behalf of the Commissioner and concluded that the taxpayer should be subject to a sales tax upon the rental paid for said equipment during its period of use and not upon the sales price. He held that pursuant to T.C.A. § 67–3028 the taxpayer was entitled to a refund equal to the difference between the sales tax paid and the tax calculated on the rent. The refund was reduced 2% from the original amount claimed to $8,064.42 by agreement of the parties. Finally, the Chancellor nullified Tennessee Sales and Use Tax Rule No. 50 to the extent it was inconsistent with the statute. From these holdings the Commissioner appeals.

T.C.A. § 67–3003 authorizes the taxation of goods which are sold or rented; the former are taxed according to the total sales price and the latter according to the gross proceeds derived from the rental. Consequently, the characterization of a transaction as a sale or rental is crucial to the determination of the measure of taxes.

In the present case the agreement was clearly a conditional sale originally and was taxed as such. However, in our view, it was converted into a rental upon cancellation by Life and Casualty. At that time the equipment was returned and Life and Casualty, after paying the difference between the purchase price installments up to cancellation and the standard rental charge, was excused from paying the remainder of the purchase price. Under these circumstances, to treat this transaction as a sale will result in payment by the taxpayer of a sales tax on a substantial portion of the purchase price he will never receive.

However, the difficult problem in this case is *time*; can the transaction be re-

structured for tax purposes twenty months after the sale? The answer is to be found in T.C.A. § 67–3028. That Section states:

"67–3028. In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this chapter has been collected, or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the commissioner; and in case the tax has not been remitted by the dealer to the commissioner, the dealer may deduct the same in submitting his return upon receipt of a signed statement of the dealer as to the gross amount of such refunds during the period covered by said signed statement, which period shall not be longer than ninety (90) days. . . . "

We believe this Section is sufficiently broad to allow a refund in the present case and logically to permit a subsequent recharacterization of the transaction.

■ The Commissioner argues, however, that a taxpayer is not entitled to a refund under T.C.A. § 67–3028 if the goods have been used. He also relies on Rule 50 of the Tennessee Sales and Use Tax Rules and Regulations which states:

"*Returned Merchandise, Credits and Allowances*

"a. In the event articles of tangible personal property are voluntarily returned to the seller by the consumer, or user, before said articles have been used, but after the Sales or Use Tax has been collected or charged to the account of the purchaser, and paid to the Commissioner, the dealer may deduct the sales price of such article from the gross proceeds shown on his report for the current month. The records of the taxpayer must clearly reflect and support his claim for all such deductions for merchandise returned for credit or refund, and must show that the article returned has not been used and is in condition to be resold at the same price originally charged.

"b. Articles of tangible personal property that are used for awhile and then repossessed by the seller, may not be classed as returned goods subject to deduction from the gross proceeds or gross receipts.

"c. In cases where a dealer gives credits or allowances to customers for specific sales, those credits and allowances are not subject to the Sales or Use Tax. In the event a customer is not given the benefit of the tax on such credits or allowances, the dealer may not claim such credits or allowances as a deduction from his gross sales. Rebates given at a later time for quantity purchases may not be claimed as a deduction from gross sales."

However, T.C.A. § 67–3028 establishes no requirement of nonuse either expressly or by implication and we would not bar the taxpayer's refund on this basis. Our opinion is not altered by Rule 50. The Commissioner only has the power to make and publish rules and regulations for the enforcement of the sales tax provisions which are consistent with the statute. T.C.A. § 67–3045. We agree with the Chancellor that Rule 50 is void to the extent that it conflicts with T.C.A. § 67–3028.

■ The Commissioner further maintains that a taxpayer cannot bring an action for a sales tax refund based on T.C.A. § 67–3028 unless he has paid the tax under protest and sued the collecting officer within six months of payment. T.C.A. §§ 67–2303 and 67–2305.

However, it is apparent that RCA could not have protested at the time of the original payment because the contract was not cancelled and the goods were not returned until after the remittance. In our view a protest is only required where the tax charged is illegal or unjust *at the time of payment.* T.C.A. § 67–2303.

The time limit issue is more contentious. T.C.A. § 67–2305 provides:

"The person paying said revenue may, at any time within six (6) months after mak-

ing said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof."

In our opinion the best interpretation of this Section is that the taxpayer must commence his action within six months after his right to a refund accrues. To hold otherwise would debilitate the refund provision, T.C.A. § 67–3028, and would, in this case, result in the passing of the entire limitation period before the plaintiff's cause of action ever accrued.

Accordingly, we affirm the judgment of the Chancellor and hold that the taxpayer is entitled to a refund of the sales tax paid on the computer equipment less the tax owing on the rental of the equipment.

FONES, C. J., and COOPER and HENRY, JJ., concur.

HARBISON, J., not participating.

OPINION ON PETITION TO REHEAR

BROCK, Justice.

The appellant has filed a petition to rehear which the Court has considered but found to be without merit. Accordingly, the petition to rehear is denied at the cost of the appellant.

FONES, C. J., and COOPER and HENRY, JJ., concur.

HARBISON, J., not participating.